UNITED STATES DISTRICT COURT
Southern District of Texas

Carriage Services, Inc. a Delaware Corporation,
Plaintiff

vs.

Financial Visions, Inc. a Colorado Corporation,
Defendant

No. 15-CV-02789

COMPLAINT

Plaintiff Alleges:

PARTIES, JURISDICTION, and VENUE

1. Subject matter jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, the amount in controversy exceeding $75,000 exclusive of interest and costs.

2. Plaintiff is, and at all times mentioned has been, a corporation organized and operating under the laws of the State of Delaware, with its principal place of business at 3040 Post Oak Blvd # 300, Houston, TX 77056

3. Defendant, Financial Visions, Inc., at the time of the events alleged in this complain, is a corporation organized and operating under the laws of the State of Colorado, with its principal place of business at 5640 South Quebec # 105, Greenwood Village, CO 80111.

4. A substantial part of the events or omissions giving rise to the claim occurred within the Southern District of Texas.

FIRST CLAIM FOR RELIEF – MONEY HAD & RECEIVED

5. The plaintiff and defendant entered into a contract. The contract provided that defendant would file and collect funds from assigned life insurance policies owned by plaintiff, that defendant would retain 4% of collected funds, and then defendant would remit the remaining funds to plaintiff.

6. Defendant collected funds from assigned life insurance policies, but did not remit the remaining funds to plaintiff between September 3, 2014, and December 31, 2014 (the "Remaining Funds").

7. Defendant holds money that, in equity and good conscious, belongs to plaintiff.

8. Plaintiff seeks liquidated damages in the amount of at least $180,399.20.

9. Exemplary Damages. Plaintiff's injury resulted from defendant's gross negligence, malice, or actual fraud, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

SECOND CLAIM FOR RELIEF – BREACH OF CONTRACT

10. Defendant breached contract by not remitting the Remaining Funds.

11. Defendant's breach caused injury to plaintiff, which resulted in plaintiff not receiving $180,399.20.

12. Plaintiff seeks liquidated damages in the amount of at least $180,399.20.

THIRD CLAIM FOR RELIEF – TEXAS THEFT LIABILITY ACT

13. Plaintiff brings this action under the Texas Theft Liability Act for an unlawful appropriation of property under Texas Penal Code § 31.03.

14. Plaintiff was entitled to possession of the Remaining Funds.

15. Defendant unlawfully appropriated the Remaining Funds (§ 31.01(4) and § 31.01(5)(C)) in violation of Texas Penal Code § 31.03.

16. Defendant's unlawful appropriation was made with the intent to deprive plaintiff of the property.

17. Defendant's wrongful conduct caused injury to plaintiff, which resulted in plaintiff not receiving $180,399.20.

18. Upon proof of actual damages, plaintiff is entitled to additional statutory damages of up to $1,000 from defendant under Texas Civil Practice & Remedies Code section 134.005(a)(1).

19. Exemplary damages. Plaintiff's injury resulted from defendant's malice or actual fraud, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

20. Court costs. Plaintiff is entitled to recover court costs under Texas Civil Practice & Remedies Code section 134.005(b).

21. Attorney fees. Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code section 134.005(b).

FOURTH CLAIM FOR RELIEF - CONVERSION

22. Plaintiff had a right to immediate possession of the Remaining Funds.

23. Defendant, who legally acquired possession of plaintiff's Remaining Funds, wrongfully exercised dominion and control over the property by using it in a way that departed from the conditions under which it was received.

24. Defendant refused to return the Remaining Funds on plaintiff's demand.

25. Defendant's wrongful acts proximately caused injury to plaintiff, which resulted in Plaintiff not receiving the Remaining Funds.

FIFTH CLAIM FOR RELIEF - FRAUD

26. Defendant represented to Plaintiff that he would remit the Remaining Funds.

27. The representation was material.

28. The representation was false.

29. When the defendant made the representation, the defendant knew the representation was false, or made the representation recklessly, as a positive assertion, and without knowledge of its truth.

30. Defendant made the representation with the intent that the plaintiff act on it.

31. Plaintiff relied on the representation.

32. The representation caused plaintiff injury.

33. Plaintiff's injury resulted from defendant's actual fraud, gross negligence, or malice, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

PRAYER

Plaintiff prays that judgment be entered against defendant:

1. Actual damages in the amount of $180,399.20.

2. Additional statutory damages of $1,000.00.

3. Exemplary damages.

4. Prejudgment and postjudgment interest.

5. Attorneys' fees.

6. Costs of Court.

7. All other relief to which plaintiff is entitled.

Dated: 9/24/2015

Carriage Services, Inc.

By: [signature]

Dvosha Roscoe
Attorney In Charge
State Bar Number 17247500
Southern District Bar Number 16081
3040 Post Oak Blvd, Suite 300
Houston, TX 77056
(713) 332-8868
(713) 332-5426
Dvosha.Roscoe@carriageservices.com
Attorney for plaintiff

**Certificate of Service**

I hereby certify that I shall hire a private process server to serve the defendant in accordance with Rule 4(g) of the Federal Rules of Civil Procedure.

[signature]
Dvosha Roscoe